# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KENNETH W.D. WILCOX,

    *Petitioner*,

vs.

JACK PALMER, *et al.*,

    *Respondents.*

3:09-cv-00621-RCJ-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court for a decision on the merits on the sole ground presented.  Petitioner alleges that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment because his 96 to 240 month sentence for attempted battery with intent to commit sexual assault allegedly was disproportionate to the offense.

### Background

Petitioner Kenneth Wilcox challenges his sentence on his 2008 Nevada state conviction, pursuant to a guilty plea, of one count of attempted battery with intent to commit sexual assault.

On February 6, 2008, Wilcox was charged by criminal complaint with battery with intent to commit sexual assault.

The affidavit submitted with the criminal complaint reflects the following.

On February 1, 2008, Katie Allbee was on her way to Reno, Nevada on Interstate 80. She stopped at a rest area near Beowawe, Nevada, which is in a remote area of Nevada

1    about 250 miles northeast of Reno.  She entered the restroom and went into a stall.  She then

2    heard someone else enter the restroom and go into the adjacent stall.  Allbee exited the stall

3    and went to the sink to wash her hands.  Wilcox then exited the other stall, walked up behind

4    her, grabbed her around the waist, and began rubbing her sides and touching her buttocks.

5    Allbee pushed Wilcox away and ran for her car.  Wilcox tried to grab her again as she was

6    running for her car, but she was able to escape.  The police apprehended Wilcox a short time

7    later.  Wilcox ultimately admitted to the police that he committed the offense, and he admitted

8    that his intention was to force sex upon Allbee.[1]

9          In the guilty plea agreement, petitioner expressly acknowledged: (a) that he could be

10    sentenced to a minimum term of not less than two years and a maximum term of not more

11    than twenty years, along with a special sentence of lifetime supervision; (b) that he had not

12    been promised or guaranteed any particular sentence by anyone; and (c) that the court was

13    not obligated to accept the recommendation of the prosecution or the defense as to any

14    specific punishment.[2]

15          During the plea colloquy, Wilcox was informed that he faced sentencing of a minimum

16    of two years to a maximum of twenty years imprisonment, with lifetime supervision and further

17    with a requirement that the minimum sentence not be less than forty percent of the maximum

18    sentence imposed in his case.  He was specifically advised that the sentencing court was not

19    bound by any recommendation made by the Division of Parole and Probation in the

20    presentence report.[3]

21          During the plea colloquy, Wilcox pled guilty to the charge that he "did, on or about

22    February 1, 2008, willfully or unlawfully attempt to use force or violence upon the person of

23

24        [1]#8-3, Ex. 2.  Ms. Allbee gave the correct spelling of her name at the sentencing. #8-13, Ex. 12, at

25    14.  This Court makes no credibility findings or factual findings regarding the truth or falsity of evidence or
statements of fact in the state court.  The Court refers to same solely as background to the issues presented

26    in this case, and it does not refer to all such material.  No statement of fact made in describing statements,
testimony or other evidence in the state court constitutes a finding by this Court.

27        [2]#8-12, Ex. 11.

28        [3]#8-10, Ex. 9, at 6-7.

1    Katie Marie Allbee, with the intent to commit a sexual assault . . . ."[4]  Wilcox stated on the

2    record:

3

4                   I entered the restroom that evening, placed my hands on
        the waste [sic] of Ms. Albie [sic], and went to rub her buttocks, in

5            [sic] which point she backed away and we struggled a bit and she
        ran away.

6    #8-10, Ex. 9, at 7.  Wilcox acknowledged that he did this inside the women's restroom on the

7    interstate.  He acknowledged that he was pleading guilty because he in fact was guilty.  *Id.*,

8    at 7-8.

9         Wilcox previously had been convicted of and incarcerated for attempted sexual

10   assault.  He was on lifetime supervision for that prior sexual offense when he committed the

11   sexual offense against Katie Allbee at the isolated rest area.  A psychosexual evaluation

12   conducted prior to sentencing in the present case determined that Wilcox presented a high

13   risk to reoffend.[5]

14        The Division of Parole and Probation recommended a sentence of 57 to 144 months.[6]

15        At the sentencing, defense counsel sought to maintain that Wilcox stopped trying to

16   force himself on the victim after she said no and pushed him away.[7]  Counsel sought to

17   maintain this in his unsworn presentation despite the victim's statement to the police that

18   Wilcox had tried to grab her again as she was running for her car but that she was able to

19   escape.  Counsel sought to maintain this despite petitioner's own express admission when

20   he pled guilty that "we struggled a bit and she ran away."

21        Defense counsel further sought to maintain that Wilcox had not planned to sexually

22   assault Allbee but instead had a fantasy in his mind where she would succumb to his

23

24       [4]#8-10, Ex. 9, at 4-5.

25       [5]See #8-10, Ex. 9, at 10; #8-19, Ex. 18, at 2.  The factual findings of the state supreme court in its

26   written decision in the case are presumed to be correct unless shown to be incorrect by clear and convincing
evidence.  *See,e.g., Sims v. Brown*, 425 F.3d 560, 563 n.1 (9th Cir. 2005).

27       [6]See #8-19, at 1.

28       [7]#8-13, Ex. 12, at 6.

"charms" and fall in love with him at the remote roadside restroom.[8]  Counsel sought to maintain this despite petitioner's own admission to the police at the time of the arrest that he intended to force sex upon Allbee.  Counsel sought to maintain this despite petitioner's entry of a guilty plea to a charge that he did "attempt to use force or violence upon the person of Katie Marie Allbee, with the intent to commit a sexual assault."

Defense counsel requested a sentence with a minimum of 24 months prior to eligibility for parole consideration.[9]

Wilcox did not address the particulars of the offense but instead reflected remorse in prepared rhymed verse when he addressed the sentencing court.[10]

The State, *inter alia*, contested the version of the events that defense counsel sought to present as not lining up with what the investigation reflected.  The State noted that, even prior to this offense, Wilcox had been doing things that he was prohibited from doing by the terms of his lifetime supervision.  The State also noted the psychosexual evaluation finding that Wilcox presented a high risk to reoffend, and it stated that there were points in the psychological evaluation that were troubling.  The State indicated that the offense "might be low on the scale of egregious crimes," but the State noted its "grave concern" given that the offense was committed while on lifetime supervision for a prior sexual offense.  The State requested imposition of the full sentence recommended by parole and probation.[11]

The victim stated that Wilcox had turned what had been a happy time into one of terror and fear, having a tremendous impact on her life.  She stated that she had suffered emotionally as a consequence of his actions.  She sought the maximum sentence in order to protect others from the same impact on their lives. #8-13, Ex. 12, at 15.

/ / / /

---

[8]#8-13, Ex. 12, at 6.

[9]*Id.*, at 10.

[10]*Id.*, at 10-11.

[11]*Id.*, at 11-14.

1    After an extended discussion weighing the aggravating and mitigating considerations

2  pertaining to sentencing, the state district court imposed the statutory maximum sentence of

3  96 to 240 months.  The court noted, *inter alia*, that the offense was committed while Wilcox

4  was on lifetime supervision from the prior sexual offense; that Wilcox otherwise had engaged

5  in conduct that was prohibited under the terms of his lifetime supervision, including viewing

6  pornography and participating in dating lines and match services; and that he had been found

7  to present a high risk to reoffend.  The court noted that neither the prior incarceration nor the

8  subsequent supervision had deterred Wilcox from engaging in prohibited behavior.  The court

9  stated that Wilcox was receiving the maximum sentence possible under the statute because

10  the court did not believe that it ever would be safe to have him on the street again.[12]

11    On direct appeal, the Supreme Court of Nevada rejected petitioner's challenge to his

12  sentence.  After reviewing the foregoing background, the state high court concluded that the

13  sentence did not violate the Eighth Amendment because it was within statutory limits and was

14  not so unreasonably disproportionate to the crime as to shock the conscience.[13]

### Governing Standard of Review

16    The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a "highly

17  deferential standard for evaluating state-court rulings."  *Lindh v. Murphy*, 117 S.Ct. 2059,

18  2066 n.7(1997).  Under this deferential standard of review, a federal court may not grant

19  habeas relief merely on the basis that a state court decision was incorrect or erroneous.  *E.g.,*

20  *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003).  Instead, under 28 U.S.C. § 2254(d),

21  the federal court may grant habeas relief only if the decision: (1) was either contrary to or

22  involved an unreasonable application of clearly established law as determined by the United

23  States Supreme Court; or (2) was based on an unreasonable determination of the facts in

24  light of the evidence presented at the state court proceeding.  *E.g.*, *Mitchell v. Esparza*, 540

25  U.S. 12, 15, 124 S.Ct. 7, 10, 157 L.Ed.2d 263 (2003).

27    [12]#8-13, Ex. 12, at 15-19.

28    [13]#8-19, Ex. 18.

A state court decision is "contrary to" law clearly established by the Supreme Court only if it applies a rule that contradicts the governing law set forth in Supreme Court case law or if the decision confronts a set of facts that are materially indistinguishable from a Supreme Court decision and nevertheless arrives at a different result. *E.g., Mitchell,* 540 U.S. at 15-16, 124 S.Ct. at 10. A state court decision is not contrary to established federal law merely because it does not cite the Supreme Court's opinions. *Id.* Indeed, the Supreme Court has held that a state court need not even be aware of its precedents, so long as neither the reasoning nor the result of its decision contradicts them. *Id.* Moreover, "[a] federal court may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme] Court is, at best, ambiguous." *Mitchell*, 540 U.S. at 16, 124 S.Ct. at 11. For, at bottom, a decision that does not conflict with the reasoning or holdings of Supreme Court precedent is not contrary to clearly established federal law.

A state court decision constitutes an "unreasonable application" of clearly established federal law only if it is demonstrated that the court's application of Supreme Court precedent to the facts of the case was not only incorrect but "objectively unreasonable." *E.g., Mitchell*, 540 U.S. at 18, 124 S.Ct. at 12; *Davis v. Woodford*, 333 F.3d 982, 990 (9th Cir. 2003).

To the extent that the state court's factual findings are challenged intrinsically based upon evidence in the state court record, the "unreasonable determination of fact" clause of Section 2254(d)(2) controls on federal habeas review. *E.g., Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir. 2004). This clause requires that the federal courts "must be particularly deferential" to state court factual determinations. *Id.* The governing standard is not satisfied by a showing merely that the state court finding was "clearly erroneous." 393 F.3d at 973. Rather, the AEDPA requires substantially more deference:

> . . . . [I]n concluding that a state-court finding is unsupported by substantial evidence in the state-court record, it is not enough that we would reverse in similar circumstances if this were an appeal from a district court decision. Rather, we must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record.

*Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004); *see also Lambert*, 393 F.3d at 972.

1    If the state court factual findings withstand intrinsic review under this deferential

2    standard, they then are clothed in a presumption of correctness under 28 U.S.C. §

3    2254(e)(1); and they may be overturned based on new evidence offered for the first time in

4    federal court, if other procedural prerequisites are met, only on clear and convincing proof.

5    393 F.3d at 972.

6    The petitioner bears the burden of proving by a preponderance of the evidence that

7    he is entitled to habeas relief.  *Davis*, 333 F.3d at 991.

8    ***Discussion***

9    The Nevada Supreme Court's rejection of petitioner's Eighth Amendment claim was

10   neither contrary to nor an unreasonable application of clearly established federal law as

11   determined by the United States Supreme Court.

12   The Supreme Court has held that the Eighth Amendment includes only a "narrow

13   proportionality principle," one that does not require strict proportionality between crime and

14   sentence but instead forbids "only extreme sentences that are grossly disproportionate to the

15   crime."  *See, e.g., Taylor v. Lewis*, 460 F.3d 1093, 1097-98 (9th Cir. 2006)(discussing,

16   harmonizing and quoting relevant Supreme Court authorities).  Successful challenges based

17   upon proportionality therefore are "exceedingly rare," and deference is due legislative

18   judgments in such matters.  460 F.3d at 1098.  Proportionality review in noncapital cases is

19   conducted with primary reference to objective factors.  *Id.  Inter alia*, comparison to other

20   sentences rendered in the same jurisdiction is "'appropriate only in the rare case in which a

21   threshold comparison of the crime committed and the sentence imposed leads to an inference

22   of gross disproportionality.'" 460 F.3d at 1098 n.7 (quoting prior Supreme Court authority).

23   In the present case, on a threshold comparison of the crime committed and the

24   sentence imposed, the imposition of a twenty-year sentence with eligibility for parole

25   consideration after eight years for the offense committed by Wilcox does not lead to an

26   inference of gross disproportionality.  *See, e.g., Norris v. Morgan*, ___ F.3d ___, 2010 WL

27   3704199, slip op. at *10-*14 (9th Cir., Sept. 23, 2010)(sentence of life without parole under

28   "two strikes" law for repeat sex offenders was not grossly disproportionate to the crime

notwithstanding the petitioner's contention that he only momentarily touched the young child between the legs on the outside of her clothing allegedly without violence or threat of violence, given the need to protect the public from recidivist sex offenders).  The Nevada Supreme Court's rejection of petitioner's claim of constitutionally disproportionate sentencing was neither contrary to nor an unreasonable application of prior United States Supreme Court noncapital proportionality precedent.

This Court accordingly need not proceed further under the controlling Eighth Amendment analysis.  *See Taylor*, 460 F.3d at 1102.

The petition therefore does not provide a basis for federal habeas relief.

IT THEREFORE IS ORDERED that the petition for a writ of habeas corpus, as amended, shall be DENIED on the merits and that this action shall be DISMISSED with prejudice.

IT FURTHER IS ORDERED that, while no motion for appointment of counsel has been received and filed by the Clerk as opposed to received by the respondents (see #13), any such motion or request for appointment of counsel is DENIED, as the Court finds that the interests of justice do not warrant appointment of counsel in this case.

IT FURTHER IS ORDERED that a certificate of appealabiity is DENIED, as jurists of reason would not find debatable or wrong this Court's holding that the Nevada Supreme Court's rejection of the claim was neither contrary to nor an unreasonable application of clearly established federal law.  It is extremely unlikely that petitioner would be able to establish an Eighth Amendment violation even on a *de novo* review.  He clearly has not established a right to habeas relief under the deferential AEDPA standard of review.

The Clerk of Court shall enter final judgment accordingly, in favor of respondents and against petitioner, dismissing this action with prejudice.

DATED: This 26th day of October, 2010.

ROBERT C. JONES
United States District Judge

-8-